VAN HESSEN, Respondent, vs. CHIPPEWA VALLEY MERCANTILE COMPANY, imp., Appellant.

*September 25 — October 21, 1902.*

*Quieting title: Pleading: Legal title.*

In an action to quiet title, allegations of the complaint that a certain person conveyed the land to another by warranty deed, agreeing thereby that he was well seised in fee simple, and that said grantee conveyed the land by warranty deed to plaintiff, do not show that plaintiff has the necessary legal title to the premises.

APPEAL from an order of the circuit court for Taylor county: JOHN K. PARISH, Circuit Judge. *Reversed.*

The appeal is from an order overruling the appellant's separate demurrer to the complaint.

*W. M. Bowe,* for the appellant.

For the respondent there was a brief by *Schweppe & Urquhart,* and oral argument by *E. H. Schweppe.*

DODGE, J.    The complaint in this case is extremely inartificial, and departs widely from the requirement of sec. 2646, Stats. 1898, that it shall consist of "a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition."    Indeed, the complaint contains very few material facts, but a wholly unnecessary amplification of evidentiary circumstances and declarations of third parties, from which presumptively the plaintiff expected the essential facts to be inferred.    It is so long that we cannot feel justified in setting it forth at length. Therein it is alleged that the plaintiff, in September, 1899, purchased certain described premises from the defendant H. G. Amberson for $300, and that said Amberson, for valuable consideration, in February, 1896, purchased the same from the defendant E. J. Aschenbrenner; that each of them made full warranty deed, and that they both represented to plaintiff that they had acquired perfect title and had such at the time of the conveyance to plaintiff, both in fact and of record; that plaintiff relied on said representations, and therefore did not examine the records; that she immediately took possession, and now holds it, and has expended some $2,000 in improvements thereon; that she has since discovered the entire falsity of the representations as to title, in that a certain "former owner," viz., one La Fave, had made, executed, and delivered, about April, 1891, a mortgage for $300 to the appellant, the *Chippewa Valley Mercantile Company,* duly executed and recorded, and still unsatisfied of record; that the defendants knew of the existence of said mortgage and that it was a cloud, and that its presence upon

the record has caused plaintiff great damage, for the reason that she has been unable to sell or raise money upon the premises; that the appellant refuses to satisfy the mortgage unless paid $600; that the defendants Amberson and Aschenbrenner claimed and represented to plaintiff that the mortgage had been paid and ought to be discharged by the *Chippewa Valley Mercantile Company,* and plaintiff alleges upon information and belief that the mortgage has been paid, and the evidence of such payment is in the possession of the defendant Amberson; that both Amberson and Aschenbrenner have failed and refused on demand to pay said mortgage and procure satisfaction, and have notified plaintiff that they would not reimburse her if she paid it. She then outlines her predicament of uncertainty as to whether she can recover from the defendants Amberson and Aschenbrenner if she pays the mortgage, suggesting, among other things, that she will become involved in a multiplicity of actions. She asserts that by reason of these facts she has no adequate remedy at law, and therefore "brings this action to remove the cloud from the title on the above-described real estate." She then prays that the controversy between the defendants Amberson and Aschenbrenner and the. *Chippewa Valley Mercantile Company* be tried, adjudged, and determined, and the amount due, if any, on the mortgage, be ascertained and fixed; that Amberson and Aschenbrenner be compelled by the judgment to pay the amount due thereon, and procure a satisfaction thereof, "and that said mortgage may be canceled and discharged of record." She also demands damages in the sum of $1,000 against Amberson and Aschenbrenner.

The demurrer is a general one, merely complaining that the complaint, as against appellant, does not state facts sufficient to constitute a cause of action. The apparent confusion, therefore, of a tort action for deceit with some sort of general equitable interpleader is not raised by the demur-

rer, and need not be considered. Doubtless, a large part of
the verbiage of this complaint might be obnoxious to a mo-
tion to strike out as redundant. Possibly some of the alle-
gations which approximate more nearly to statements of
material facts might have justified a motion to make more
specific. But those questions are not before us. Can we, by
a liberal construction, spell out of this mass of narrative the
assertion of enough facts to constitute any cause of action
against the appellant? Plaintiff now characterizes her
action as one to quiet title and remove a cloud, seemingly
conceding that as to this appellant she has not stated any
other. The elements of such action, as required by sec. 3186,
Stats. 1898, are that the plaintiff shall have legal title and be
in possession, unless the land is vacant and unoccupied; or,
not having such title or possession, shall be the owner or
holder of some lien or incumbrance, and that the defendant
makes some claim thereto. It must be conceded that a claim
to the land by the appellant is alleged, as also is plaintiff's
possession; and the prayer, amongst other things, does ask
the cancellation and removal of appellant's apparent claim.
The remaining question, however, whether plaintiff alleges
herself to have a legal title, is much more doubtful. She
nowhere alleges, in terms, either that she owns the land or
that Amberson or Aschenbrenner, from whom she claims
conveyances, did so. True, respondent's counsel pretends
to quote a sentence from the complaint alleging that Aschen-
brenner at the time of his conveyance to Amberson, was well
seised in fee simple. This quotation is borne out by the
printed "case," but reference to the original complaint shows
that the only allegation is that he agreed with Amberson,
by his deed, that he was so seised. The assertion that one
made to another a deed of land certainly falls far short of any
allegation that the latter owns it, unless ownership in the
grantor be declared. Multiplication of such conveyances is
like multiplication of the mathematical zero. It does not

increase the result. Nor can the allegation that each deed contained a warranty of title vary the conclusion, especially when, as in the complaint before us, the plaintiff declares that such warranty is wholly false. If plaintiff claims that she has any title to the premises in question, nothing could have been easier than to say so. Her evasion of that statement and substitution of various persuasive circumstances suggests absence of any title. One knowing that he had no ownership might yet truthfully make all the allegations contained in this complaint. We are convinced that it is not reasonably possible to construe this pleading as alleging any legal title in the plaintiff; hence, as it does not pretend to allege any lien in her, it fails to set forth any cause of action for relief against the appellant by way of removing its mortgage as a cloud on the plaintiff's title, either under sec. 3186, Stats. 1898, or at the common law. Such is the only cause of action which respondent makes any claim to have stated, and we do not feel called upon to search further to sustain a complaint insufficient to state the cause of action which plaintiff is confessedly seeking to maintain.

*By the Court.*—Order reversed, and cause remanded with directions to sustain appellant's demurrer.